**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 03, 2009, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: June 03, 2009**

**Arthur I. Harris
United States Bankruptcy Judge**

___

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 08-18906 |
| ) | |
| Michael & Kimberley Mankins, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| Jennita Morgan, ) | Adv. No. 09-1042 |
| ) | |
| Plaintiff, ) | Judge Arthur I. Harris |
| ) | |
| v. ) | |
| ) | |
| Michael K. Mankins, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF OPINION [1]

On January 30, 2009, the plaintiff-creditor, Jennita Morgan, filed the above-

captioned adversary proceeding against the debtor-defendant, Michael Mankins.

---

[1] This Memorandum of Opinion is not intended for official publication.

The creditor seeks a declaration that the debt owed to her by the debtor is nondischargeable under 11 U.S.C. § 523 and an order denying the debtor a discharge under 11 U.S.C. §§ 727(a)(2) and (a)(4). On March 25, 2009, the creditor filed a Motion for Default Judgment pursuant to Fed. R. Bankr. P. 7055 and Fed. R. Civ. P. 55, based on the debtor's failure to answer or otherwise respond to the adversary complaint. (Docket #11). For the reasons that follow, the creditor's motion is granted as to Count I and denied as to Count II. The creditor's request for attorney's fees is denied.

## JURISDICTION

The Court has jurisdiction over this action. Claims for denial of discharge pursuant to §§ 727(a)(2) and (a)(4) and determinations of the dischargeability of a debts under § 523 are core proceedings under 28 U.S.C. §§ 157(b)(2)(I) and (J) and 28 U.S.C. § 1334, which fall within the jurisdiction granted to the Court pursuant to Local General Order Number 84, dated July 16, 1984.

## BACKGROUND

The debtors filed their chapter 7 bankruptcy petition on November 13, 2008. On January 30, 2009, the creditor initiated this adversary proceeding seeking a judgment finding the creditor's claim nondischargeable under §§ 523(a)(2), (a)(4), and (a)(6). The creditor also asks the Court to deny the debtor a discharge

2

pursuant to §§ 727(a)(2) and (a)(4). The creditor alleges that prior to the debtor filing for bankruptcy he defrauded her.

According to the creditor, on March 31, 2007, her car was involved in a collision. The car was repaired at Pap's Auto & Service, Inc., (Pap's) where the debtor was the manager. The creditor asserts that Pap's did not properly repair her vehicle, and that the debtor made several false statements concerning the repairs. The creditor avers that the debtor told her that he had replaced several parts, which had actually not been replaced. She also asserts that he promised to have her car repaired within four days; yet Pap's did not return her vehicle for four months, when Progressive Insurance demanded that the repairs be completed.

The creditor claims that Progressive Insurance sent Pap's a check for $5,485.00 to cover the cost of the repairs. The check required the signatures of both the creditor and a representative from Pap's. According to the creditor, the debtor forged the creditor's signature and cashed the check.

The creditor filed a civil suit against the debtor in the Cuyahoga County Court of Common Pleas. On July 29, 2008, the court issued a judgment entry, finding the debtor liable to the creditor in the amount of $25,000 plus 8.00% per annum, and held that the debtor was liable for the creditor's costs.

The debtor has not filed an answer to the creditor's complaint in this

adversary proceeding. On March 25, 2009, the creditor filed her motion for default judgment (Docket #11).

## DISCUSSION

### A. DEFAULT JUDGMENT

The creditor's motion for default judgment is governed by Fed. R. Civ. P. 55(b)(2), which has been incorporated into adversary proceedings by Fed. R. Bankr. P. 7055. Although a defaulting defendant is deemed to admit every well-pleaded allegation in the complaint, 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 at 58-59 (3d ed. 1998), the court is required to make an independent determination of the relief unless the amount of damages is certain. A plaintiff is not entitled to default judgment solely because the defendant has failed to answer. *See, e.g., Ryan v. Homecomings Fin. Network,* 253 F.3d 778, 780 (4th Cir. 2001) (junior lienholder's default in adversary proceeding did not necessarily entitle debtors to relief sought); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002) ("Judgments for default are only granted upon a complaint that alleges well pleaded facts and that is well grounded in law."); *see also General Electric Corp. v. Bui (In re Bui)*, 188 B.R. 274, 276 (Bankr. N.D. Cal. 1995) ("A plaintiff must demonstrate a *prima facia* case by competent evidence in order to obtain a default judgment."). Where the plaintiff

4

has alleged fraud, the Court is required to evaluate the evidence to ensure that a *prima facie* case has been made. *American Express Centurion Bank v. Truong (In re Truong)*, 271 B.R. 739, 742 (Bankr. D. Conn. 2002).

## B. CREDITOR'S CLAIM IS NONDISCHARGEABLE PURSUANT TO 11 U.S.C. § 523(a)(2)

The creditor asserts that her claim is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). Section 523 provides in pertinent part:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> ....
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The Sixth Circuit has held that a debt is excepted from discharge under § 523(a)(2)(A) when a creditor proves:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of the loss.

*Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998). The intent to deceive or defraud the creditor is "measured by a subjective standard." *Rembert* 141 F.3d at 281. Fraudulent intent may be

inferred from circumstantial evidence or the from the debtor's "course of conduct." *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

The facts alleged by the creditor constitute a valid cause of action under § 523(a)(2). Since the debtor has not responded, the Court accepts the averments of the creditor. The debtor obtained the cash value of the creditor's insurance check by forging her signature. The creditor avers that the debtor falsely represented: (1) that Pap's adequately repaired her vehicle; (2) that the repairs would be completed within four days; and, (3) that Pap's replaced several parts in her vehicle. The creditor was justified in relying upon the assertions made by the defendant since he made them in his capacity as the manager of Pap's, which is an auto repair company. The debtor clearly intended to deceive the creditor when he asserted that Pap's had replaced several parts in her vehicle. The creditor relied upon the assertions of the debtor and allowed Pap's to work on her car, which was the proximate cause of her loss.

The creditor submitted a copy of a judgment entry against the debtor in the Cuyahoga County Court of Common Pleas for $25,000 plus 8.00% interest per annum. This judgment entry constitutes the basis for the creditor's claim. The Court finds that this debt is nondischargeable pursuant to § 523(a)(2).

## C. CREDITOR'S ASSERTION THAT HER CLAIM IS NONDISCHARGEABLE PURSUANT TO 11 U.S.C. §§ 523(a)(4) AND (a)(6)

The creditor asserts that her claim is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6). However, since the Court has already determined that her claim is nondischargeable pursuant to § 523(a)(2), there is no need to address whether the creditor's claim would also be nondischargeable pursuant §§ 523(a)(4) and (a)(6).

## D. CREDITOR'S CLAIM THAT THE DEBTOR SHOULD BE DENIED A DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2) IS DENIED

Creditor asserts that as a result of the debtor's fraudulent conduct, the Court should deny the debtor a discharge pursuant to 11 U.S.C. § 727(a)(2). Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless –
>     ....
>     (2) The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
>         (A) property of the debtor, within one year before the date of the filing of the petition; or
>         (B) property of the estate, after the date of the filing of the petition.

Based on a clear reading of the statute, a denial of discharge under § 727(a)(2) must be premised on conduct that happened either within one year of the date that the debtor filed his bankruptcy petition, or while the debtor's

7

bankruptcy case was pending. According to the creditor's affidavit, her car was involved in a collision outside of Pap's on March 31, 2007. The pleadings are unclear as to the precise date that Pap's returned her car; however, in her affidavit the creditor states that the vehicle was returned to her four months after the accident, which would be roughly July 31, 2007.

The debtor filed his bankruptcy petition on November 13, 2008, which was more than one year after the events outlined by the creditor took place. The facts alleged by the creditor do not constitute a viable claim for denial of discharge under § 727(a)(2).

### E. CREDITOR'S CLAIM THAT THE DEBTOR SHOULD BE DENIED A DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4) IS DENIED

Creditor also asserts that as a result of the debtor's fraudulent conduct, the Court should deny the debtor a discharge pursuant to 11 U.S.C. § 727(a)(4). Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless –
>    ....
>    (4) The debtor knowingly and fraudulently, in or in connection with the case –
>        (A) made a false oath or account;
>        (B) presented or used a false claim;
>        (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>        (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents

records, and papers, relating to the debtor's property or financial affairs.

Based on a clear reading of the statute, a denial of discharge under § 727(a)(2) must be premised on conduct that occurred "in or in connection with the case." The conduct alleged by the creditor does not meet this requirement. The debtor did not forge the creditor's signature or misrepresent the extent of the repairs made to the creditor's vehicle in order to affect this bankruptcy case, which was not filed until long after the creditor had recovered her vehicle. The facts alleged by the creditor do not constitute a viable claim for denial of discharge under § 727(a)(2).

### F. CREDITOR'S REQUEST FOR ATTORNEY'S FEES IS DENIED

The creditor seeks an award of attorney's fees. Fed. R. Bankr. P. 7008(b) establishes the procedure for a request for attorney's fees. The rule states that "a request for attorney's fees shall be pleaded as a claim in a complaint." Courts have found that placing a request for attorney's fees in the prayer for relief at the end of the complaint does not comply with this provision. *See Hartford Police F.C.U. v. DeMaio (In re DeMaio)*, 158 B.R. 890, 892 (Bankr. D. Conn. 1993). The creditor did not make the request for attorney's fees as a separate claim in the complaint, but rather at the end of the complaint in the prayer for relief, which does not comply with the requirements of Fed. R. Bankr. P. 7008(b). Nor is there any basis

9

in the Bankruptcy Code for an award of attorney's fees to a creditor successfully prosecuting a nondischargeability claim, where the underlying debt was previously reduced to judgment in state court. *See Cohen v. de la Cruz*, 523 U.S. 213 (1998) (entire state court judgment including costs, attorney's fees, and punitive damages is nondischargeable). Creditor's request for attorney's fees is denied.

## CONCLUSION

For the reasons stated above, the state court judgment issued in *Morgan v. Mankins* (CV 08-661070) for $25,000 plus 8.00% interest per annum is nondischargeable. Plaintiff's claims seeking denial of the debtor's discharge under 11 U.S.C. §§ 727(a)(2) and (a)(4) are denied. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.